IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| DOMINICK GIAGNACOVO, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. |
| ) | |
| v. ) | |
| ) | For Violations of the Fair Labor |
| COVANTA ENVIRONMENTAL ) | Standards Act of 1938, As Amended |
| SOLUTIONS, LLC, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Dominick Giagnacovo ("Giagnacovo"), by and through his undersigned counsel, and files this Complaint against the Defendant Covanta Environmental Solutions, LLC. pursuant to § 216(b) of the Fair Labor Standards Act of 1938, as amended (hereinafter "the FLSA"), and in support thereof would state as follows:

### I. INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, to remedy violations of the overtime provisions of the Act by Defendant which have deprived the named Plaintiff of his lawful overtime wages.

2. This action is brought to recover unpaid overtime compensation owed to the Plaintiff pursuant to the FLSA. The Plaintiff has been employed by Defendant, working as a project manager for Covanta Environmental Solutions, LLC.

3. During the applicable statute of limitations prior to the filing of this Complaint (three years), Defendant has committed violations of the FLSA by failing to compensate Plaintiff at an overtime rate for hours worked in excess of 40 hours in a given workweek by misclassifying Plaintiff as a salaried employee exempt from overtime compensation.

4. Plaintiff seeks unpaid overtime compensation for work performed, an equal amount of liquidated damages to compensate him for the delay in payment of money due which Defendant instead used as working capital, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

6. Venue is proper in the Southern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because some of the acts complained of occurred within the State of

Georgia and the jurisdiction of this Court and because Defendant maintains a place of business within this District.

### III. PARTIES

7. Plaintiff DOMINICK GIAGNACOVO resides in Augusta, Georgia (within this District) and is a citizen of the United States. Giagnacovo was and is employed by the Defendant as a wastewater treatment and solidification employee. He worked and works for Defendant within this District.

8. At all times material to this action, the named Plaintiff was an "employee" of Defendant as defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within ten years preceding the filing of this lawsuit. These same individual is further covered by § 206 and § 207 of the FLSA for the period in which he were employed by Defendants.

9. Defendant COVANTA ENVIRONMENTAL SOLUTIONS, LLC is a corporation based in Morristown, New Jersey which conducts business within this State and District and maintains its principal place of business at 445 South Street, Morristown, NJ 07960. COVANTA ENVIRONMENTAL SOLUTIONS, LLC owns and operates a business specializing in wastewater treatment and solidification.

10. COVANTA ENVIRONMENTAL SOLUTIONS, LLC is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, CT Corporation System, 289 S Culver St., Lawrenceville, GA 30046.

11. Defendant maintains either actual or constructive control, oversight and direction over the operation of their employees, including the pay practices of those employees.

12. At all times material to this action, Defendant was an enterprise engaged in commerce, as defined by Section 203(s)(1) of the FLSA. Defendant specializes in wastewater treatment and solidification and regularly utilizes materials manufactured outside of the State of Georgia for the benefit of Defendant's clients. Defendant utilizes bank accounts with banking entities which transact business outside the State of Georgia. Defendant utilizes tools manufactured outside the state of Georgia for the benefit of Defendant's clients. Defendant utilizes technology, such as computers and telephones, which were manufactured outside the state of Georgia. Defendant's principal office is located outside of the State of Georgia. At all times material to this action, Defendant has had an annual gross volume of business which exceeded $500,000.00.

13. At all times material to this action, Defendant was an "employer" of the named Plaintiff, as defined by § 203(d) of the FLSA.

14. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## IV. VIOLATIONS OF THE FLSA

15. Defendant employed Plaintiff as an hourly worker specializing in performing manual labor related to Defendant's wastewater treatment and solidification business.

16. On or about May 20, 2019, Defendant "promoted" Plaintiff to "Project Manager," changing him from an hourly to a salaried employee concurrently therewith. However, Plaintiff's primary duties did not change; Plaintiff still spent (and spends) approximately 80% of his time performing manual labor (shoveling waste and wastewater materials).

17. Plaintiff did not receive any compensation for hours worked in excess of forty during the following weeks: 5/21/18, 5/28/18, 6/4/18, 6/11/18, 6/18/18, 6/25/18, 7/2/18, 7/9/18, 7/16/18, 7/23/18, 7/30/18, 8/6/18, 8/13/18, 8/20/18, 8/27/18, 9/3/18, 9/10/18, 9/17/18, 9/24/18, 10/1/18, 10/8/18, 10/15/18, 10/22/18, 10/29/18, 11/5/18, 11/12/18, 11/19/18, 11/26/18, 12/3/18, 12/10/18, 12/17/18, 12/31/18, 1/7/19, 1/14/19, 1/21/19, 1/28/19, 2/4/19, 2/11/19, 2/18/19, 2/25/19, 3/4/19, 3/11/19, 3/18/19, 3/25/19, 4/1/19, 4/8/19, 4/15/19, 4/22/19, and 4/29/19.

18. Plaintiff seeks unpaid overtime compensation for 25 hours per week at his normal hourly rate of thirty-five dollars ($35.00) per hour.  Specifically, Plaintiff seeks no less[1] than sixty-four thousand three hundred twelve dollars and fifty cents ($64,312.50) (25 [hours] X $35.00 [per hour] X 1.5 [overtime rate] X 49 [weeks]) in unpaid overtime compensation.  Plaintiff seeks liquidated damages equal to that amount, for a total claim of unpaid overtime wages of one hundred twenty-eight thousand six hundred twenty-five dollars ($128,625.00), plus attorney's fees and costs.

## V. PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

    A.    That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment of regular and overtime compensation due which the Defendant unlawfully used instead as working capital of the business.

    B.    That Plaintiff be awarded prejudgment interest;

    C.    That Plaintiff be awarded reasonable attorneys' fees;

    D.    That Plaintiff be awarded the costs and expenses of this action; and

---

[1] There were no less than 14 weeks during the applicable period during which Plaintiff worked in excess of 75 hours per week.

E.  That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.[2]

Respectfully submitted this 8th day of May, 2019.

*/s/ Tyler B. Kaspers*
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128
tyler@kaspersfirm.com

Counsel for Plaintiff

---

[2] A Civil Action Cover Sheet is attached hereto as "Exhibit 1," and a Summons for defendant is attached as "Exhibit 2."

7