## FLSA SETTLEMENT AGREEMENT AND RELEASE

This FLSA Settlement Agreement and Release ("Agreement") is entered into on the date executed below by and between Dominick Giagnacovo ("Giagnacovo") and Covanta Environmental Solutions, LLC (collectively, "Covanta") (Giagnacovo and Covanta collectively referred to as the "Parties").

1. This Agreement does not constitute an admission by Covanta of any violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence of an admission of liability or wrongful conduct of any kind, and Covanta expressly denies any such liability or wrongful conduct.

2. The Parties agree and understand that Giagnacovo filed a lawsuit titled <u>Dominick Giagnacovo v. Covanta Environmental Solutions, LLC,</u> Civil Action Number 1:19-cv-00066-JRH-BKE pending in the United States District Court for the Southern District of Georgia, alleging a claim for unpaid overtime under the Fair Labor Standards Act ("FLSA"). ("Lawsuit"). Giagnacovo and Covanta desire fully and finally to resolve any and all claims in the above Lawsuit that have been made or could have been made by or on behalf of Giagnacovo against Covanta or any other Released Parties (as defined below) relating to for unpaid wages, overtime, penalties, damages, attorneys' fees, back wages or front wages arising under the FLSA, including any claim for retaliation or unpaid compensation during or related to his employment at Covanta. Giagnacovo represents that no other such charges, actions or claims are pending on Giagnacovo's behalf, other than as set forth in this paragraph.

3. Upon receipt of the proceeds specified in this Agreement, Giagnacovo agree that he has been fully paid for all hours worked for Covanta and that he does not have any claims against Covanta or any other Released Parties for wages, back pay, overtime, liquidated damages, or attorney's fees, or any other claim arising under the FLSA, including any claim for retaliation or unpaid compensation during or related to his employment at Covanta.

4. Giagnacovo agrees to take all action necessary to seek dismissal with prejudice of the Lawsuit in its entirety. Giagnacovo further agrees to cooperate in obtaining court approval of this settlement and to dismiss with prejudice the above-referenced Lawsuit, and Giagnacovo understands that this settlement is contingent on dismissal with prejudice of the Lawsuit. The Parties will cooperate in the filing of a joint motion for approval of the settlement.

5. In consideration for signing this Agreement and the promises contained in this Agreement, Covanta agrees to pay to or on behalf of Giagnacovo the total gross sum of THIRTY THOUSAND DOLLARS ($30,000), which will be paid by two checks as follows: one check to Giagnacovo for alleged back wages in the amount of TEN THOUSAND DOLLARS ($10,000), less appropriate payroll withholding as required by law and for which Covanta will issue an IRS Form W2; one check for alleged liquidated damages in the amount of TEN THOUSAND DOLLARS ($10,000) and for which Covanta will issue an IRS Form 1099; and one check to The Kaspers Firm, LLC in the amount of TEN THOUSAND DOLLARS ($10,000) for attorney's fees and costs and for which Covanta will issue an IRS Form 1099. Giagnacovo agrees that this check to The Kaspers Firm, LLC, covers all attorneys' fees and costs related in any way to Giagnacovo's claims against

Covanta, and Giagnacovo agrees to indemnify and defend Covanta against any claims for such fees and costs.

These checks will be mailed to Tyler Kaspers, Esq. at The Kaspers Firm, LLC within 15 days after receipt of the final order from the Court approving this settlement and dismissing the Lawsuit with prejudice. Giagnacovo agrees to provide all competed tax forms that may reasonably be requested from him and his attorneys in relation to the above payments, and Giagnacovo understands that delay in providing these forms may delay delivery of the checks.

6. Giagnacovo, on behalf of himself, his descendants, dependents, heirs, executors, administrators, assigns, and successors fully, finally and forever releases and discharges Covanta and all of its past and present parents, subsidiaries, affiliates, shareholders, and owners thereof, and their respective past and present predecessors, successors, assigns, representatives, partners, officers, directors, insurers, agents and employees ("Released Parties") from any and all claims, causes of actions, demands, debts, obligations, damages or liability of any nature whatsoever, known or unknown, for unpaid wages, overtime, penalties, damages, attorneys' fees, back wages, front wages, arising under the FLSA, including any claim for retaliation or unpaid compensation during or related to his employment at Covanta.

7. Nothing in this Agreement shall interfere with Giagnacovo's right to file a charge of discrimination or cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, or other federal or state regulatory or law enforcement agency ("government agencies"). However, to the extent permitted by law, the consideration provided to Giagnacovo in this Agreement shall be the sole relief provided to Giagnacovo for the claims that are released by Giagnacovo herein, and Giagnacovo will not be entitled to recover and agrees to waive any monetary benefits or recovery against Covanta in connection with any other claim, charge or proceeding for the claims released herein without regard to who has brought such complaint or charge. To the extent Giagnacovo is awarded any form of monetary relief in subsequent proceedings against any Released Parties based on claims released herein, Giagnacovo hereby assigns all such relief to Covanta.

8. Giagnacovo represents and warrants that he has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim or the proceeds of any settlement payments under this Agreement. Giagnacovo agrees to indemnify and hold Covanta harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorney's fees), causes of action or judgments based on or arising out of any such assignment or transfer. Giagnacovo further warrants that there is nothing that would prohibit Giagnacovo from entering into this Agreement.

9. In the event that one or more of the Parties institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this Settlement or to declare rights or obligations under this Settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

10. Except for amounts withheld from the above proceeds by Covanta for employment taxes, Giagnacovo is and shall be solely responsible for all federal, state and local taxes that may be owed by Giagnacovo by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Giagnacovo agrees to indemnify and hold Covanta and all other Released Parties harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding his portion of any tax obligations that may arise from the monetary consideration made to or on behalf of Giagnacovo under this Agreement.

11. Giagnacovo acknowledges and agrees that he has returned all of the Covanta property in his possession or control. If any of Covanta's property is still in Giagnacovo's possession or control, he agrees to return such property within ten (10) business days of this Agreement.

12. Giagnacovo affirms and warrants that he is not Medicare eligible, that he is not a Medicare beneficiary, and that he is not within thirty (30) months of becoming Medicare eligible; that he is not age 65 or older; that he is not suffering from end stage renal failure or amyotrophic lateral sclerosis; that he has not received Social Security benefits for twenty-four (24) months or longer; and/or he has not applied for Social Security benefits, and/or has not been denied Social Security disability benefits and is appealing the denial. Giagnacovo further affirms and warrants that he has made no claim for illness or injury against, nor is he aware of any facts supporting any claim against, Covanta for medical expenses incurred by him before or after the execution of this Agreement. Because Giagnacovo is not a Medicare beneficiary as of the date of this Agreement, he is not aware of any medical expenses which Medicare has paid and for which Covanta is or could be liable now or in the future. Giagnacovo is not aware of any liens of any governmental entities, including any liens for Medicare conditional payments, relating to him in any way.

13. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the Parties agree to enter into a full and general release that is valid.

14. **Giagnacovo acknowledges and represents that he assumes the risk for any mistake of fact now known or unknown, and that he understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Giagnacovo also acknowledges: (a) that he has consulted with an attorney of his choosing concerning this Agreement and (b) that he has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and his attorney's advice.**

15. No waiver of any breach of any term or provision of this Agreement shall be, or shall be construed to be, a waiver of any other breach of this Agreement. No waiver shall be binding under this Agreement unless in writing and signed by the party waiving the breach.

16. This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The exchange of copies of this Agreement and of

IN WITNESS WHEREOF, Covanta and Giagnacovo have executed this Settlement Agreement and Release as of the dates hereinafter appearing.

Dominick Giagnacovo

_[signature]_ Date: 1/28/20

Covanta Environmental Solutions, LLC

By: _[signature]_ Date: 1.31.2020
Name and Position: Darik Tecters

41518095.1