FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

20 APR 24 AM 11: 57

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| DOMINICK GIAGNACOVO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 119-066 |
| | * | |
| COVANTA ENVIRONMENTAL SOLUTIONS, LLC, | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

Before the Court is the Parties' Joint Motion for Approval of Settlement Agreement. (Joint Mot. for Settlement Approval, Doc. 18.) Plaintiff brings claim pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. 201 *et seq.* (Compl., Doc. 1, at 1, ¶ 1.) Plaintiff seeks recovery of unpaid overtime, liquidated damages, and attorney's fees and costs. (Id. ¶ 18.) For the following reasons, the Parties' motion is **GRANTED**.

**I. DISCUSSION**

Congress enacted the FLSA to protect workers from oppressive working hours and substandard wages. Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981). Because workers and employers often possess unequal bargaining power, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav.

Bank v. O'Neil, 324 U.S. 697, 706-07 (1945). Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement falling below FLSA's minimum employee protections. Barrentine, 450 U.S. at 740.

Accordingly, FLSA's provisions are not subject to bargaining, waiver, or modification either by contract or settlement, save for two narrow exceptions. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first exception involves actions taken by the Secretary of Labor and, therefore, is inapplicable to the proposed settlement in this case. See id. at 1353.

The second exception, which applies here, permits settlement when employees bring a private action for back wages under 29 U.S.C. § 216(b). Id. In such an instance, the parties must present the proposed settlement to the court, and the court may approve it "after scrutinizing the settlement for fairness." Id. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,]" then the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. When the employee is represented by counsel in an adversarial context, there is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of

2

statutory rights brought about by an employer's overreaching." Id. The settlement can cover back wages, liquidated damages, reasonable attorney's fees, and costs of the action. 29 U.S.C. § 216(b).

**A. Bona Fide Dispute**

Before accepting the proposed settlement, the Court must determine whether a true conflict exists. A true conflict requires a bona fide dispute over FLSA provisions. Lynn's Food Stores, 679 F.2d at 1354-55. Initiation of "a suit brought by employees under the FLSA for back wages . . . provides some assurance of an adversarial context." Id. at 1354; accord Barnes v. Ferrell Elec., Inc., No. CV 113-056, 2013 WL 5651903, at *1 (S.D. Ga. Oct. 16, 2013) ("Plaintiff filed suit and is represented by counsel, which provides some indication that a true conflict exists between Plaintiff and [his] employer.").

The present case constitutes a bona fide dispute. First, Plaintiff's complaint asserts he is entitled to back pay for unpaid overtime. (Compl., ¶¶ 17-18.) Defendant denies Plaintiff's right to back pay claiming "Plaintiff was subject to the managerial exemption from the overtime provisions of the FLSA and, to the extent he was not exempt from the overtime provisions of the FLSA, Plaintiff's overtime work for Defendant was *de minimus*." (Joint Mot. for Settlement Approval, at 3); see Parker v. Encore Rehab., Inc., No. 12-00539-KD-B, 2012 WL 6680311, at *4 (S.D. Ala. Dec.

3

21, 2012) (finding "'bona fide dispute' as to whether back pay is owed and as to whether the FLSA applies"). Second, Plaintiff is represented by counsel providing some assurance of a true conflict. Finding the presence of a bona fide dispute, the Court turns to the reasonableness of the settlement.

**B. Fairness and Reasonableness of Settlement Amount**

"[W]here a plaintiff agrees to accept less than his full claimed FLSA wages and liquidated damages, he has compromised his claim." Gerena v. Cato Envtl. Servs., Inc., No. 6:07-CV-1540-ORL-19KRS, 2009 WL 975537, at *2 (M.D. Fla. Apr. 9, 2009) (adopting R. & R.). Although the Parties contend the settlement is not a compromise of Plaintiff's claims (Joint Mot. for Settlement Approval, at 1), because Plaintiff is agreeing to accept less than his claimed wages and liquidated damages, the Court concludes the proposed settlement agreement represents a compromise and must be approved. (Compare Joint Mot. for Settlement Approval, at 3-4, and FLSA Settlement Agreement & Release, Doc. 18-1, ¶ 5, with Compl., ¶ 18.) A settlement necessitating a stipulated judgment for a compromised FLSA claim demands scrutiny for fairness and reasonableness. Lynn's Food Stores, 679 F.2d at 1353-54. Courts consider several factors in determining whether the FLSA settlement is fair and reasonable:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the

4

proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Hirsch v. Mister Sparky, Inc., No. 1:09-CV-2897-TWT, 2010 WL 11603091, at *2 (N.D. Ga. Oct. 19, 2010). Courts, however, apply a strong presumption of fairness to FLSA settlements. Kyles v. Health First, Inc., No. 6:09-cv-1248-Orl-28GJK, 2010 WL 11626713, at *2 (M.D. Fla. Oct. 26, 2010) (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

Plaintiff initially alleged entitlement to unpaid overtime in the amount of $64,312.50, liquidated damages in an equal amount, and attorney's fees and costs. (Compl., ¶ 18.) Pursuant to the proposed settlement, Plaintiff is compromising his claim for $10,000.00 for allegedly owed back pay, $10,000.00 for liquidated damages, and $10,000.00 for attorney's fees and costs. (Joint Mot. for Settlement Approval, at 3-4; FLSA Settlement Agreement & Release, ¶ 5.) Keeping in mind the presumption of fairness, the Court considers the factors relevant to determining whether the settlement is fair and reasonable.

First, the Court finds no evidence of fraud or collusion. Second, the Parties performed extensive discovery, and the litigation is sufficiently mature that the Court is confident the Parties obtained adequate information to make an informed decision regarding settlement. (See Joint Mot. for Settlement Approval, at

3.) Additionally, duration and further expense to reach a final award support approving the settlement. (See id. at 4.) Third, Defendant disputes Plaintiff's entitlement to overtime payment under FLSA exemptions. (Answer, Doc. 7, ¶¶ 16-18; Joint Mot. for Settlement Approval, at 3.) Consequently, proceeding with the litigation carries risk that Plaintiff's case may prove unsuccessful, and the Parties recognize their respective positions are not certain to prevail. (Joint Mot. for Settlement Approval, at 4.) Fourth, the case carries a wide range of possible recoveries, and the attorneys contend the settlement is fair and reasonable. (See id. at 3-4.) Evaluating the relevant factors, the settlement amount is fair and reasonable.

**C. Fairness and Reasonableness of Fees and Costs**

In addition to analyzing the amount settling a plaintiff's claims, when a plaintiff settles for less than a full recovery, costs or fees paid to plaintiff's counsel are improper unless they are fair and reasonable. See Silva v. Miller, 307 F. App'x 349, 350-51 (11th Cir. 2009); Kyles, 2010 WL 11626713, at *2. Therefore, "[d]istrict courts in this circuit have indicated that if attorney's fees are negotiated simultaneously with a damages award in a FLSA settlement, this should trigger increased scrutiny of the reasonableness of the settlement." Martin v. Huddle House, Inc., No. 2:10-CV-0082-WCO, 2011 WL 611625, at *2 (N.D. Ga. Feb. 11, 2011); accord Petrov v. Cognoscenti Health Inst., LLC, No.

6:09-cv-1918-Orl-22GJK, 2010 WL 557062, at *3 (M.D. Fla. Feb. 12, 2010) (noting additional scrutiny is proper when "the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses."). The additional scrutiny is necessary to prevent a conflict between counsel and client and between the terms of the settlement and the purpose of the FLSA. Morris v. Augusta-Richmond Cty., No. 1:14-cv-196, 2017 WL 1078643, at *2 (S.D. Ga. Mar. 21, 2017) (quoting Petrov, 2010 WL 557062, at *3).

Here, the Parties contend "the amount of costs and attorney's fees . . . were negotiated separate and apart from Plaintiff['s] FLSA claim." (Joint Mot. for Settlement Approval, at 4.) The record contains no evidence of a separate agreement for Plaintiff's attorney to recover litigation fees and expenses. The proposed settlement agreement, however, contemplates the taxation of costs and fees alongside settlement of Plaintiff's claims. Accordingly, because Plaintiff's counsel is set to receive compensation, potentially reducing Plaintiff's already compromised recovery, the Court closely scrutinizes the reasonableness of the fees and expenses out of an abundance of caution.

Beginning with costs, the settlement reimburses Plaintiff's counsel $400.00. (Id.) The filing fee for the present action was $400.00. (Docket Entry, May 8, 2019.) The Court finds this amount reasonable. Cf. Ortega v. Senior Hous. Sols. of Fla., LLC, No. 6:14-cv-1403-Orl-22DAB, 2015 WL 12859412, at *2 (M.D. Fla. Dec.

23, 2015) ($535.00 in costs fair and reasonable); Young v. Hilton Grand Vacations Club, LLC, No. 6:10-cv-201-Orl-28DAB, 2010 WL 5479651, at *2 (M.D. Fla. Dec. 6, 2010) ($450.00 in costs fair and reasonable).

Next, examining attorney's fees, the Court deems the agreed upon attorney's fees to be fair and reasonable. Although Plaintiff's counsel failed to provide a timesheet, Plaintiff's counsel represents thirty-two hours of work. (Joint Mot. for Settlement Approval, at 4.) Over nine months of litigation, thirty-two hours is a reasonable amount. Further, the Parties arrive at their attorney fee agreement employing an hourly rate of $300.00. (Id.) The Court previously set a reasonable billing rate in the Augusta market as $300.00 per hour under the lodestar method. Whitesell Corp. v. Electrolux Home Prods., Inc., No. CV 103-050, 2019 WL 1714135, at *2 (S.D. Ga. Apr. 17, 2019) (citing Plumbers & Steamfitters Local No. 150 Pension Fund v. Muns Grp., Inc., No. 1:15-CV-200, Doc. 37, at *3 (S.D. Ga. Dec. 16, 2015)). The lodestar method is used to determine reasonable attorney's fees in an FLSA action. Morris, 2017 WL 1078643, at *2. Because the Court finds the hours expended and the hourly rate justified, the agreement for Plaintiff's counsel to receive $9,600.00 in attorney's fees is approved.

**D. Other FLSA Concerns**

Other traditional concerns with FLSA settlements involve general release and confidentiality provisions. The release language in this settlement agreement is limited to claims under the FLSA. (FLSA Settlement Agreement & Release, ¶¶ 6-7.) Moreover, the proposed settlement agreement contains no confidentiality provision. (See generally, id.)

## II. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Parties' Joint Motion for Approval of Settlement Agreement (Doc. 18) is **GRANTED** and the FLSA Settlement Agreement and Release (Doc. 18-1) is **APPROVED**. The Court **ORDERS** that the payment of the settlement amount shall be made as provided in the FLSA Settlement Agreement and Release. The Parties have agreed that they will be responsible for their own attorney's fees and costs arising from or in any way related to the matters that are the subject of the FLSA Settlement Agreement and Release except as set forth in the FLSA Settlement Agreement and Release.[1]

---

[1] The Court recognizes that the Joint Motion for Approval of Settlement Agreement states that "[i]f . . . the Court deems it necessary to approve the settlement, the Parties request that the approval be entered as a stipulated final judgment (a proposed order is attached hereto as 'Exhibit 2')." (Joint Mot. for Settlement Approval, at 1.) To avoid redundancy, the above language incorporates the Parties' language from the proposed order. (See Proposed Order, Doc. 18-2, at 1-2.)

Moreover, the Joint Motion for Approval of Settlement Agreement stipulates to the dismissal of this action with prejudice upon approval of the FLSA Settlement Agreement and Release. (Joint Mot. for Settlement Approval, at 4.) Accordingly, **IT IS FURTHER ORDERED** that this matter is **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to **TERMINATE** all other motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of April, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA